

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| ROBERT WESLY COLLINS, JR., § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 8:04-23310-HFF-BHH |
| § | |
| SIMON MAJOR, JR., Major at Sumter-Lee § | |
| Regional Detention Center; § | |
| NFN GRIFFIN, Captain at Sumter-Lee § | |
| Regional Detention Center; and § | |
| SUMTER-LEE REGIONAL DETENTION § | |
| CENTER, § | |
| Defendants. § | |

## ORDER

This is a civil rights action filed by a county pretrial detainee. Plaintiff is proceeding *pro se*.

On December 22, 2004, the Magistrate Judge filed her Report and Recommendation (report) in this case, suggesting that the Court dismiss the action without prejudice and without issuance and service of process. Plaintiff failed to file any objections.[1] Therefore, on January 27, 2005, this Court filed an Order adopting the report and dismissing the action. The Clerk entered final judgment on

---

[1] The Court noted in its January 27, 2005, order that "Plaintiff is likely not aware that the report has been issued, nor that his objections are past due, since it appears from the record that Plaintiff's copy of the report was returned to the Clerk marked 'REFUSED.'" From another review of the docket in this case, however, it appears that the mail was returned as undeliverable to Plaintiff and marked "No Longer at this Address." Nevertheless, in light of the mandates of this Order, since Plaintiff is being granted another opportunity to file his objections, it matters not whether the report was returned because it was refused or whether Plaintiff was no longer at the address.

the same date. Subsequently, Plaintiff filed a notice of appeal on February 7, 2005,[2] in which he states that he did not refuse the mail from the Court and requests an investigation into the reason he did not receive a copy of the report. A similar document was filed by Plaintiff on February 11, 2005.[3]

The February 7, 2005, submission was filed within ten (10) days after the entry of final judgment, which occurred on January 27, 2005.[4] Moreover, as already observed, in both the February 7 and February 11, 2005, submissions, Plaintiff states that he did not refuse the mail from the Court. He also requests an investigation into why he did not receive a copy of the report. The Court interprets Plaintiff's statement that he did not refuse the mail and his request for an investigation as a petition for a rehearing. Therefore, the Court will construe Documents 7 and 8 as containing a motion pursuant to Fed.R.Civ. P. 59(e). *See Stubbs v. Hunter*, 806 F.Supp. 81 (D.S.C. 1992) (citations omitted). A Rule 59(e) motion suspends the finality of judgment for purposes of appeal. *Id*. at 83.

Although the Court is unconvinced that an investigation is necessary, in an abundance of caution, and to prevent manifest injustice, the Court will grant Plaintiff another opportunity to file objections to the report. Accordingly, the Court hereby:

1) Grants Plaintiff's Rule 59(e) motion to the extent that the Court vacates its January 27, 2005, Order and directs the Clerk of Court to reopen the case;

---

[2] This document is dated February 3, 2005.

[3] This document is dated January 31, 2005.

[4] Pursuant to the applicable rules and law of this case, the February 11, 2005, submission is also deemed to have been filed within ten (10) days of the entry of judgment.

2)     Directs the Clerk of Court to send a copy of the report, along with a copy of this Order, to Plaintiff via registered mail, return receipt requested, to the address listed in the Court's records;

3)     Directs the Clerk of Court to send a copy of the report, along with a copy of this Order, to Plaintiff via registered mail, return receipt requested, to the address provided by Plaintiff in his February 7 and February 11, 2005, submissions to the Court; and

4)     Directs Plaintiff to file his objections, if any, to the report with the Clerk of Court not later than June 7, 2005. Any of Plaintiff's objections, if filed by this date, will be considered by the Court as if they had been timely filed.

**IT IS SO ORDERED**.

Signed this 18th day of May, 2005, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

\*\*\*\*

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.