

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| ROBERT WESLEY COLLINS, JR.,<br>　　　　Plaintiff, | §<br>§<br>§ |
| vs. | § CIVIL ACTION NO. 8:04-23310-HFF-BHH<br>§ |
| SIMON MAJOR, JR., Major at Sumter-Lee<br>Regional Detention Center *et al.*,<br>　　　　Defendants. | §<br>§<br>§<br>§ |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE AND DISMISSING THE ACTION *WITHOUT PREJUDICE* AND WITHOUT ISSUANCE AND SERVICE OF PROCESS

This is a civil rights action. Plaintiff, a pretrial detainee, is proceeding *pro se*. The matter is before the Court for review of the report and recommendation (report) of the United States Magistrate Judge in which she suggests that Plaintiff's case be dismissed *without prejudice* and without issuance and service of process. The report is made in accordance with 28 U.S.C. § 636 and Local Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Matthews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the report on December 22, 2004. Plaintiff filed his objections to the report on June 6, 2005.[1]

Plaintiff first agrees to amend his complaint such that only the individual defendants are named. He then alleges that he "exhausted jail remedy by filing a grievance several times about the problem at hand and over a 60 day time period no response." (Objections at 1.) It is clear from the Complaint, however, that most of the enumerated wrongs occurred from October 11, 2004, until December 2, 2005. Plaintiff's Complaint was signed on December 4, 2005, and received by the Clerk of Court on December 20, 2004. Thus, although Plaintiff may have filed a grievance regarding those matters, it appears that, in lieu of waiting for a response to the grievance, Plaintiff filed a federal lawsuit. Since Plaintiff failed to exhaust his administrative remedies before filing the instant Complaint, dismissal is proper. The Court will, thus, enter judgment accordingly.

The objections, however, do raise a point of concern for the Court. Plaintiff contends that, at of the time of the filing of his objections in June 2005, he had still not received a response from his grievance. In other words, according to Plaintiff, six months have passed without any resolution of Plaintiff's grievance. Although such assertion is unable to save *this* suit (since Plaintiff had not exhausted his remedies at the time that this suit was filed), if this contention is still accurate, Plaintiff may decide to file another case regarding the allegations contained in this suit. In that case, this

---

[1] The time was extended after Plaintiff alleged that he had not received the copy of the report that was originally mailed to him.

Court would not be as inclined to find a failure to exhaust administrative remedies and would likely require Defendants to be served with the Summons and Complaint.

In sum, after a thorough review of the report and the record in this case pursuant to the standards set forth above, the Court adopts the report and incorporates it herein. Therefore, it is the judgment of this Court that Plaintiff's case is **DISMISSED** *without prejudice* and without issuance and service of process. In light of the discussion above, however, and since this case is being dismissed *without prejudice*, the Clerk of Court is hereby directed to mail to Plaintiff a prisoner complaint packet with all appropriate forms so that, if appropriate, he may again pursue the allegations contained in this suit.

**IT IS SO ORDERED**.

Signed this 7th day of November, 2005, in Spartanburg, South Carolina.

/s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has a right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

3